**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Marie Klosterman, a married woman,<br><br>    Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>    Defendant. | No. CV-09-2068-PHX-DGC<br><br>**ORDER** |

Plaintiff has a long history of health problems. Her medical records are voluminous. She has had multiple surgeries, including open heart surgery in March 2004 and thyroid removal surgery in June 2004. Her primary complaints are chronic fatigue, muscle pain, shortness of breath, and depression.

Plaintiff applied for disability insurance benefits on October 1, 2004, claiming to be disabled since April 30, 1999. Dkt. #9, Tr. 64-68. The application was denied. Tr. 49-51, 53-56, 58-61. A hearing before an Administrative Law Judge ("ALJ") was held on May 1, 2007. Tr. 1174-1804. The ALJ issued a written decision on August 10, 2007, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 23-34. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 4-8. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Dkt. #1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for further proceedings.

## I. Standard of Review.

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

## II. Analysis.

Whether a claimant is disabled is determined using a five-step evaluation process. The claimant bears the burden in steps one through four. To establish disability, the claimant must show (1) she is not currently working, (2) she has a severe physical or mental impairment, and (3) the impairment meets or equals a listed impairment or (4) her residual functional capacity ("RFC") precludes her from performing her past work. At step five, the Commissioner bears the burden of showing that the claimant has the RFC to perform other work. 20 C.F.R. § 404.1520(a)(4)(i)-(v).

Plaintiff has met her burden. The ALJ found that Plaintiff has not engaged in substantial gainful activity since the alleged disability onset date. Tr. 24, 33 ¶ 2. The ALJ further found that Plaintiff has a combination of severe impairments: chronic sinus infections, back pain status post motor vehicle accident, status post atrioventricular septal defect repair in 2004, status post thyroid cancer treatment in 2004, depression secondary to her physical condition diagnosed in 2004, and obesity. Tr. 24, 33 ¶ 3. While the ALJ concluded that Plaintiff's impairments do not meet or equal a listed impairment (Tr. 25, 33 ¶ 4), he also found that Plaintiff is not able to perform her past work as an office manager and babysitter (Tr. 32, 33 ¶ 7). At step five, the ALJ concluded that Plaintiff was not disabled prior to December 31, 2004, her date last insured, because she had the RFC to perform sedentary unskilled work, including the jobs of cashier, courier, and assembler. Tr. 25-32; Tr. 33 ¶¶

6, 8-13.

Plaintiff argues that in determining her RFC and credibility, the ALJ erred by failing to consider her severe hypothyroidism. Plaintiff further argues that the ALJ ignored other evidence that is counter to his decision, improperly rejected medical opinions and the statements of Plaintiff and her friends and relatives, and misinterpreted evidence of somatoform disorder. Dkt. ##13, 17, 18, 21. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Dkt. #15.

As explained more fully below, the Court finds that the ALJ erred in failing to consider Plaintiff's hypothyroidism. That error requires reversal of Defendant's decision and a remand for further proceedings. The Court accordingly need not address Plaintiff's other arguments.

**A. Hypothyroidism.**

In February 2004, as part of her preoperative examinations for open heart surgery, Plaintiff was diagnosed with thyroid cancer. Tr. 512-15, 547-49, 567-70. She had a total thyroidectomy on June 2, 2004 (Tr. 502-04, 1480), followed by radioactive iodine ablation therapy in July 2004 (Tr. 803, 857-60). As a result of her heart and thyroid surgeries, Plaintiff suffers from hypothyroidism. Tr. 773, 777, 803, 819, 850, 859, 1266, 1290, 1346, 1385, 1643.

Plaintiff testified at the hearing that she had to be put into a hypothyroid state in order to receive her iodine therapy and her "body's never gone back to being normal." Tr. 1791. She further testified that her thyroid hormone replacement medicine is not working, and that her doctors will never take her out of the hypothyroid state because she would be at "risk for an instant heart attack." Tr. 1791-92. She claims to be disabled primarily due to "the fatigue, the muscle pain, [and] the shortness of breath" caused by her thyroid and heart-related conditions. Tr. 1792.

Counsel for Plaintiff asserted that an April 23, 2007 letter from treating endocrinologist, Dr. Alan Lewis, was one of two key pieces of evidence establishing disability. Tr. 1800. That letter notes that Plaintiff has been under Dr. Lewis's care for

hypothyroidism since 2004. It goes on to state that Plaintiff's cardiac disease "limits the ability to use what would ordinarily be an effective dose of thyroid replacement." Dr. Lewis opines that Plaintiff's "thyroid disorder is a significant factor in her ability to function," and her documented complaints of extreme fatigue, muscle pain, and depression "are quite consistent for patients with hypothyroidism." Tr. 1446. Counsel argued that those opinions support Plaintiff's complaints of disabling symptoms, and that because Dr. Lewis began treating Plaintiff in 2004, the medical record supports a disability onset date prior to the date last insured. Tr. 1800, 1803.

The other key piece of evidence identified by counsel is a letter from Plaintiff's treating psychologist, Dr. Sonja Benson, dated November 27, 2006. Dr. Benson notes in the letter that she began treating Plaintiff in August 2004. Dr. Benson states that Plaintiff exhibits symptoms consistent with major depression, including depressed mood, tearfulness, and difficulties with sleep, concentration, decision-making, and memory. She opines that Plaintiff's depression is directly related to her two chronic physical illnesses – heart disease and thyroid dysfunction. She further opines that Plaintiff's depression will not "fully abate as long as her physical health and limitations remain as they have been for the duration of her treatment." Tr. 1355-56. Counsel argued that Dr. Benson's opinions, and her medical records dating back to August 2004, support Plaintiff's complaints of disabling symptoms. Tr. 1801.

The ALJ stated at the hearing that he believed Plaintiff was disabled as of her date last insured. Tr. 1801-03. In his written decision, however, the ALJ concluded that although Plaintiff may not have been able to work from the date of her heart surgery in March 2004 through the time period of her thyroid surgery and treatment in June and July 2004, she "was able to return to sedentary exertional work by at least August 2004." The ALJ reasoned that "[t]he medical records since August of 2004 are not persuasive of a condition likely to cause the disabling pain, fatigue and limitations alleged[.]" Tr. 27. Plaintiff argues, correctly, that the ALJ erred in failing to consider Plaintiff's severe hypothyroidism.

The ALJ's finding of severe impairments does not include Plaintiff's hypothyroidism.

1  Tr. 24, 33 ¶ 3.  "An impairment or combination of impairments may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation omitted; emphasis in original).  In short, the severity determination is merely "'a de minimis screening device used to dispose of groundless claims[.]'" *Id.* at 687; *see* SSR 85-28, 1985 WL 56856, at *2 (1985) ("[T]he severity regulation is to do no 'more than allow the Secretary to deny benefits summarily to those applicants with impairments of a minimal nature which could never prevent a person from working.'") (citation omitted).

Medical records show that since her thyroidectomy in June 2004, Plaintiff has suffered from persistent and uncontrolled hypothyroidism. Tr. 777, 1385. Doctors have prescribed hypothyroid medication – Levoxyl and Synthroid – and Plaintiff has received Thyrogen injections. Tr. 773, 849, 1034, 1146, 1346, 1453, 1454, 1457, 1459.  Symptoms of the hypothyroidism have included extreme fatigue, muscle pain, and migraine headaches. Tr. 803, 850, 852, 859, 1226, 1146, 1347, 1153.  This evidence is more than "sufficient to pass the de minimis threshold of [the severity determination]." *Webb*, 433 F.3d at 687; *see Edlund v. Massanari*, 253 F.3d 1152, 1158 (9th Cir. 2001).

In determining whether an individual's impairments are of sufficient severity to support a finding of disability, the ALJ must "consider the combined effect of *all* of the individual's impairments without regard to whether any [one] impairment, if considered separately, would be of such severity."  42 U.S.C. § 423(d)(2)(B) (emphasis added); *see* 20 C.F.R. §§ 404.1520(c), 404.1523, 404.1545(e); SSR 96-8p, 1996 WL 374184, at *7 (July 2, 1996); *Gregory v. Bowen*, 844 F.2d 664, 666 (9th Cir. 1988).  The ALJ in this case erred by failing to consider Plaintiff's severe hypothyroidism and its "interactive effect" with her other impairments, particularly her heart condition and depression. *Celaya v. Halter*, 332 F.3d 1177, 1182 (9th Cir. 2003); *see Hammock v. Bowen*, 879 F.2d 498, 500 (9th Cir. 1989) (ALJ erred by failing to "consider the combined effect of all of Hammock's impairments on her ability to return to work").

The ALJ found that Plaintiff had been declared "clinically disease-free" by August

2004 Tr. 27. The medical record cited in support of his finding, however, refers to Plaintiff's thyroid cancer, not her hypothyroidism. Tr. 848. A contemporaneous progress note, dated August 27, 2004, shows that Plaintiff was taking hypothyroid medication (Synthroid). Tr. 849.

The ALJ further found that the medical evidence "fails to demonstrate a condition likely to cause such debilitating fatigue and limitations other than the period of time when [Plaintiff] had her heart and thyroid surgeries." The ALJ noted that Plaintiff "showed minimal abnormal clinical findings." Tr. 31. To the contrary, Plaintiff has been diagnosed as severely hypothyroid both "clinically and by lab." Tr. 1346. Numerous blood tests have shown Plaintiff's thyroid stimulating hormone (TSH) levels to be abnormally high. In general, a standard TSH reference range for adults is between 0.40 and 4.50 milliunits per liter. Tr. 1495. A lab report shows that less than two weeks after her thyroidectomy surgery on June 2, 2004, Plaintiff had a TSH level of 21.70. Tr. 1026. High TSH levels continued to be reported for more than two years: 48.40 on June 24, 2004; 16.70 on August 17, 2004; 19.80 on December 10, 2004; 8.02 on February 8, 2005; 7.53 on May 11, 2005; 62.90 on June 1, 2005; 10.80 on July 19, 2005; 7.43 on September 27, 2005; 52.00 on August 2, 2006; 46.10 on September 13, 2006; 51.00 on October 16, 2006; and 31.00 on November 22, 2006. Tr. 914, 915, 918, 919, 923, 1022, 1468, 1469, 1470, 1474, 1478, 1484. Substantial evidence refutes the ALJ's conclusion that Plaintiff has shown minimal abnormal clinical findings. Tr. 31.

In summary, the ALJ erred in finding Plaintiff not disabled without first considering the effects of her severe hypothyroidism. Defendant's decision denying benefits must be reversed. *See Ryan*, 528 F.3d at 1198.

**B.     Remand for Further Proceedings.**

Having decided to reverse Defendant's decision, the Court has discretion to remand the case for further proceedings or for an award benefits. *See* 42 U.S.C. § 405(g); *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). This Circuit has held that an action should be remanded for an award of benefits only where no outstanding issue remains that must be

1 resolved before a determination of disability can be made and it is clear from the record that 2 the claimant is disabled within the meaning of the Social Security Act. *See Orn v. Astrue*, 3 495 F.3d 625, 640 (9th Cir. 2007).

4 The evidence of Plaintiff's hypothyroidism, when considered in combination with all other impairments, is sufficient to support – but does not conclusively establish – a finding of disability. The Court therefore concludes that a remand for further proceedings is appropriate. *See Celaya*, 332 F.3d at 1183 (remanding for further proceedings where the ALJ failed to consider combination of impairments).

9 In her application for disability insurance benefits, filed October 1, 2004, Plaintiff asserted a disability onset date of April 30, 1999. Tr. 64-68. Defendant states that because disability insurance benefits are limited to a one-year period prior to the date of the application, the relevant time period in this case began on October 1, 2003. Dkt. #15 at 20. Consistent with this temporal-limitation, Plaintiff has asserted a new disability onset date of November 1, 2003. Dkt. #13 at 5. The timing and duration of any disability is an outstanding issue warranting a remand for further proceedings. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1116 (9th Cir. 2003).

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.

2. The case is **remanded** to Defendant for further proceedings.

DATED this 20th day of April, 2010.

_____
David G. Campbell
United States District Judge