**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gina Marie Klosterman, a married woman,<br><br>            Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>            Defendant. | No. CV-09-2068-PHX-DGC<br><br>**ORDER** |

Plaintiff seeks attorneys' fees pursuant to 28 U.S.C. § 2412(d). Doc. 24. Defendant opposes. Doc. 26. The motions have been fully briefed (Docs. 24, 26, 27), and the parties did not request oral argument. The Court will deny Plaintiff's motion.

The prevailing party requesting fees under § 2412(d) must submit the request "within thirty days of final judgment in the action." 28 U.S.C. § 2412(d)(1)(B). "'Final judgment' means a judgment that is final and not appealable," § 2412(d)(2)(G), and "refers to [a] "judgment[] entered *by a court of law* . . . [not] decisions rendered by an administrative agency." *Shalala v. Schaefer*, 509 U.S. 292, 296 (1993) (quoting *Melkonyan v. Sullivan*, 501 U.S. 89, 96 (1991)) (emphasis in original). The 30-day period begins on the date when a judgment becomes "not appealable." *Id.* at 302. In civil actions against the United States or its officers, a judgment may be appealed within 60 days after the entry of judgment. Fed. R. App. P. 4(a)(1)(B).

In this case, the Court reversed Defendant Commissioner's decision denying benefits and remanded for further proceedings. Doc. 22. The Clerk of Court entered judgment on the same day, April 20, 2010. Doc. 23. The parties did not appeal, and therefore the judgment became final on June 21, 2010. Plaintiff thereafter had 30 days to file her motion, 28 U.S.C. § 2412(d)(1)(B), but did not file it until October 1, 2010.

Defendant argues that Plaintiff's motion is untimely. Doc. 26. Plaintiff concedes that the motion is untimely if the Court's April 20, 2010 order was made under sentence four of 42 U.S.C. § 405(g). Doc. 27 at 2. Plaintiff argues, however, that the Court's order can be construed as a sentence-six order because new evidence was considered by the Commissioner of Social Security on remand. *Id.* at 1. As *Shalala* recognized, a sentence-six order may be entered "where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala*, 509 U.S. at 297 n.2. The statutory text providing for such orders states the following:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding; and the Commissioner of Social Security shall, after the case is remanded, and after hearing such additional evidence if so ordered, modify or affirm the Commissioner's findings of fact or the Commissioner's decision, or both, and shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based.

42 U.S.C. § 405(g). In contrast, sentence-four orders are made pursuant to the following statutory language: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Court's April 20, 2010 order expressly reversed the Commissioner's decision and remanded for further proceedings. Doc. 22 at 6-7. The Court held that "the ALJ erred in finding Plaintiff not disabled without first considering the effects of her severe

hypothyroidism." *Id.* at 6. Rather than award benefits, the Court remanded for further proceedings because "[t]he evidence of Plaintiff's hypothyroidism, when considered in combination with all other impairments, is sufficient to support – but does not conclusively establish – a finding of disability." *Id.* The Court's decision clearly was not based on "new evidence" that was material and that for good cause had not been presented to the agency, as required by sentence six. The administrative record already contained evidence of hypothyroidism – evidence the ALJ had not considered. Nor did the Court retain jurisdiction of this case while the agency considered new evidence. Because the Court's decision was based on sentence four, not sentence six, Plaintiff's motion for attorneys' fees is untimely.

Plaintiff argues that "application of *Shalala* would constructively preclude the prevailing party from realizing an award of fees incurred during remand (which process certainly exceeds the 30 days after the order of remand and reversal), in direct conflict with *Hudson*." Doc. 27 at 2. True, but the Supreme Court expressly recognized that this was the effect of *Shalala* in a sentence-four remand, *Shalala*, 509 U.S. at 298-300, noting that "*Hudson* remains good law as applied to remands ordered pursuant to sentence six," *id.* at 300 n. 4.

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees (Doc. 24) is **denied**.

DATED this 1st day of December, 2010.

_David G. Campbell_
David G. Campbell
United States District Judge

- 3 -